### Commonwealth *vs.* Austin C. Stowell.

In an indictment on the Rev. Sts. *c.* 47, § 2, it is not necessary to allege that the defendant sold spiritous liquor in his dwelling-house or other building.

When an indictment on the Rev. Sts. *c.* 47, § 2, alleges that the defendant "sold to C spiritous liquor, to be used in his dwelling-house," it shall be construed to be the dwelling-house of the defendant.

An indictment alleged that the defendant, on a certain day, "presumed to be a seller of wine, brandy, rúm and other spiritous liquors, to be used in and about his house, without being first licensed as an innholder or common victualler, with authority to sell spiritous liquor, and did then and there sell to one C. one half gill of spiritous liquor, to be used in and about his dwelling-house, without being first duly licensed as an innholder or common victualler, with authority to sell spiritous liquors." *Held*, that this indictment was not bad for duplicity; that there was no sufficient charge against the defendant as a common seller, and therefore that the words, which alleged that he presumed to be such seller, might be rejected as surplusage; and that the remaining allegations constituted a sufficient indictment for a single sale.

The defendant was found guilty, in the court of common pleas, of selling spiritous liquor, without license. to

48 *

divers persons mentioned in different counts in an indict-
ment.   The first count alleged that the defendant, at Spring-
field, on the 10th of August 1844, "did presume to be a
seller of wine, brandy, rum and other spiritous liquors, to
be used in and about his dwelling-house then and there situate,
without being first licensed, according to law, as an innholder
or common victualler, with authority to sell spiritous liquors;
and did then and there sell to one Thomas L. Clark, one half
gill of spiritous liquor, to be used in and about his dwelling-
house then and there situate, without being first duly licensed,
according to law, as an innholder or common victualler, with
authority to sell spiritous liquors, against the peace," &c.

Each of the other counts omitted the allegation that the de-
fendant presumed to be a seller of wine, brandy, &c., without
being first licensed as an innholder, &c., and alleged a sale to
an individual, in the form adopted in the latter part of the
first count.

The defendant moved in arrest of judgment, on the
grounds hereinafter mentioned in the opinion of the court.
This motion was overruled by the court of common pleas,
and the defendant alleged exceptions.

*Ashmun,* for the defendant.

*Porter,* (District Attorney,) for the Commonwealth.

DEWEY, J.   1. It is objected to the first count in the indict-
ment, that it is bad for duplicity.   The argument of the coun-
sel for the defendant assumes that it charges two distinct
offences, arising under different sections, viz., §§ 1 and 2 of
*c.* 47 of the Rev. Sts.   The answer to this objection is, that
no offence is charged upon the first section.   That offence
is that of being a common seller of brandy, rum, &c. ; and a
proper indictment upon this section, for the offence of sell-
ing spiritous liquors, should contain the allegation that the
party was such common seller.   It is not indeed absolutely
necessary to use the word "common," as prefixed to seller, if
other equivalent words are introduced, as was held in *Com-
monwealth* v. *Leonard,* 8 Met. 529, where the allegation in
the indictment, that the defendant, from a certain day stated

on divers days and times, to the time of finding the indictment was a seller of spiritous liquors, &c., was held sufficiently to set forth the offence under the first section. But it seems to us that a mere allegation, that the defendant, on a certain day named, was a seller, &c., is not sufficient to charge the offence of being a common seller. There is, therefore, no offence charged in this indictment, upon the first section of the statute.

The next inquiry is, whether there are introduced into this count all the allegations necessary to charge a single offence under the second section ; and this seems clearly sufficiently charged, and with all the particular allegations essential to such a charge. All the residue of the indictment, appertaining to an offence under the first section, but not technically charging such offence, may be stricken out as surplusage, leaving the single offence, charged upon the second section, as the whole charge in this count.

2. It is then contended, that this indictment is defective in not charging the sale of the liquor to have been made in the dwelling-house of the defendant. The answer to this objection is, that it is not required to be so charged ; as the statute offence is that of selling to be *used* in the house of the defendant, which may take place without the sale being made within the house.

3. It is next insisted, that the indictment is bad, because it does not allege that the liquor was used in the house of the defendant ; but, on the contrary, that it alleges the use of the same to have been in the house of Thomas L. Clark, the purchaser. By a strict grammatical construction, the allegation " did then and there sell, to one Thomas L. Clark, one half gill of spiritous liquor, to be used in and about his house then and there situate, without being first duly licensed," &c., would authorize the words " his house " to be taken to refer to the house of Clark, the vendee. But we do not feel bound to this very strict grammatical reading of this clause in the indictment. We may resort to the entire language of the whole paragraph ; and if the charge be plainly

indicated, and so set forth as to leave no real uncertainty as to the nature of it, it may be held good.   See 21 Pick. 521. Looking at the whole count, we think it sufficiently alleges the use of the liquor in the house of the defendant.

4. The remaining inquiry is, whether there be any proper allegation that the defendant was not duly licensed as an innholder or common victualler.   So far as there is any question of uncertainty as to the person alleged not to be licensed, the views already presented on the preceding point apply, and fully meet this objection.   The other specification of objections under this head, viz. that the form of the allegation should have been, that the defendant was licensed as an innholder, but with the right of vending only ale, beer, &c., as was suggested in *Commonwealth* v. *Thayer*, 5 Met. 247, is answered by the decision in *Commonwealth* v. *Thayer*, 8 Met. 523, where other equivalent words were held to be sufficient, and an allegation very similar to the present was decided to be good.

All the objections, upon which the motion in arrest of judgment has been argued, are overruled.